### DOUSE v. SARGENT et al.

*(District Court, S. D. New York. November 30, 1891.)*

1. SHIPPING OWNER PRO HAC VICE—WAGES.

    A part owner, having agreed with the other owners to run the vessel on shares, and pay her disbursements, is owner *pro hac vice*, and personally liable to the master, whom he has employed, for all his wages and disbursements.

2. SAME—LIMITED LIABILITY—DISBURSEMENTS.

    The vessel being lost, the act of 1884 limiting liability applies in favor of the other part owners as to the master's disbursements, but not as to the master's wages; but the other owners are entitled to indemnity from the owner *pro hac vice*.

3. ADMIRALTY—PRACTICE—AMENDMENT.

    The owner *pro hac vice* being sued with others as joint owner, an amendment of the libel was permitted to recover the disbursements for which he only was liable; but, no proper account having been submitted to him by the master, no costs up to the present time were allowed, nor any further proceedings, until an account, with proper vouchers, had been submitted, and opportunity afforded for settlement.

In Admiralty. Action by F. A. Douse against H. M. Sargent and others to recover wages as master.

*Wilcox, Adams & Green*, for libelant.

*Wing, Shoudy & Putnam* and *Mr. Burlingham*, for respondents.

BROWN, J. The defendant Gower is liable as an owner *pro hac vice* for the libelant's wages and disbursements, as respects the department which he had agreed with the owners to supply. *Webb* v. *Peirce*, 1 Curt. 104. I think the defense of a limited liability is good as respects the other owners, the vessel having been lost, and no freight realized; but this defense, under the act of June 26, 1884, (23 St. at Large, p. 53, c. 121, § 18,) does not extend to the master's wages, for which the other defendants, as well as Gower, are also personally liable. But as respects this liability, the defendant Gower would be bound to indemnify the other owners. The fact that Gower was not sued as owner *pro hac vice*, but as a joint, legal owner with the other defendants, does not entitle Gower to a dismissal as respects him. An amendment that might properly state the case against Gower would not present a wholly new cause of action; but would be simply a different mode of stating the respective liabilities of the defendants for the same wages or disbursements. It is, therefore, within rule 24 of the supreme court in admiralty, and the proper amendment should be allowed. But, as respects Gower, a resident of Maine, who claims that no proper account had been submitted to him, and who has never contested his liability for any sum justly due the libelant, the amendment should be without costs of the suit to this time; and no order of reference to increase the expenses of the suit should be ordered in the libelant's behalf until a proper account in detail, together with vouchers therefor, so far as practicable, has been submitted a reasonable time to Gower's counsel, or deposited in the clerk's office for inspection, and opportunity afforded for an amicable adjustment of the amount due.